The opinion of the Court was drawn up by
Parker C. J.
This is assumpsit for money had and received, against the defendants as owners of a fishing schooner, of which the plaintiff was one of the crew. Articles of agreement were made out and signed by the skipper and crew, according to the statute of the United States, of 13 Cong. 1 Sess. c. 2, and were indorsed or countersigned by all the defendants as owners, except two. The plaintiff undertook to prove by the license, and by paroi testimony, that the two who did not indorse the shipping articles, were owners and shared in the proceeds of the voyage ; but this evidence was objected to, and was rejected by the court, on the ground that the plaintiff must be held to the agreement or shipping *313 articles, as well in regard to the parties on whom he was to call for the payment, as to the terms of the contract for the fishing voyage.
We are not satisfied that this decision was correct. By the common marine law, the seaman has a right of action against all who are owners of the vessel for the voyage, and this right cannot be taken away but by some express statute provision, or some contract with other persons exclusive of the owners. We do not think the statute of the United States was intended to narrow or restrict the right of the seaman, or to affect the liability of owners. On the contrary, it is expressly provided in the 2d section of the statute, that nothing therein contained shall prevent any fisherman from having his action at common law, for his share or shares of fish, or the proceeds thereof, according to the terms of the statute. By the common law he might undoubtedly prove who are the owners, by other evidence than the documents of the vessel; for it has been decided, that those who charter a vessel for a voyage, are owners for that voyage, even though the hiring of the vessel be by paroi; and they, and not the general owners of the ship, who may not be concerned in the voyage, are liable for the wages of the crew on a personal implied contract.[1] But the argument is, that the shipping articles are evidence of an express contract between the seamen and those who as owners sign their names to it, and that such a contract precludes the right of suing any others than those who sign it as owners. This might be true if the action were brought upon the shipping articles as the contract, because in such case, if the declaration charged others than those who signed it, the contract, when produced, would vary from the declaration; but the truth is, that the contract is made by the seaman with the skipper in behalf of the owners, who are not strictly parties to it, the statute requiring only that it be indorsed or countersigned by the owner, for the purpose, we suppose, of showing his consent to the agreement made by the skipper, and we do not *314 see that it is necessary, where there are many owners, tiiar °f them should indorse or countersign the articles in order to give efficacy to the articles, for without doubt, where many are concerned jointly in a fishing voyage, the consent of any one would bind all, unless they expressly dissented.
The chief purpose of these articles is to place the crew of a fishing vessel upon the same footing, so far as it is practicable, with seamen in the merchant service, so as to make them liable to the same restrictions, penalties, and forfeitures, and to entitle them to the same remedies for their wages ; as will be seen by reference to the statute above cited. v
The shipping articles then do not determine conclusively who are the owners, nor with whom the contract is made • for as before said, the contract is made with the skipper, and as in other cases of engagements on board ships where a shipping paper is required to be signed, the seaman has his remedy against all the owners, and may prove those he sues, to be such, by other evidence than the papers attached to the vessel.[1]
But there is another ground on which we think the evidence offered ought to have been received. This action is not brought on the contract, but for that part of the proceeds of the voyage which is supposed to belong to this plaintiff, the fish taken having been sold and the proceeds distributed among all the defendants as owners. The contract therefore is executed and is functus officio, except as evidence of the terms on which the service was performed.[2] The plaintiff offered evidence tending to show, .that the two defendants, whose names are not on the articles as owners, did in fact admit by their acts and conversations, that they were such, and did in that relation receive their proportion of the proceeds. Now unless the plaintiff is bound down by the shipping articles in regard to the ownership, as to which he had no manner of control in this respect, this was certainly proper evidence of the liability of those against whom such acts and *315 conversations should be made to appear ; not conclusive, because it might be met by evidence, that though owners of the vessel, they had no interest for that voyage, but it should have gone to the jury, and it would have been sufficient in its nature to establish the point in controversy. The register or enrolment of a vessel only proves who were the owners at that time when such document was made ; the indorsement ©n shipping articles of a fishing vessel, only shows who assumed to be the owner or owners when that paper was made out ; neither is conclusive upon the seaman, who has a right to prove by other competent evidence, who are by law liable for the fruits of his labor.
For these reasons, the verdict must be set aside, and a new trial had at the bar of this Court.

 See Abbott on Shipping, (4th Amer. ed.) 22, n. 1; 3 Kent’s Comm. (3d ed.) 137, et seq.

 See Abbott on Shipping, (4th Amer. ed.) 432, n. (1) ; 3 Kent’s Comm (3d ed.) 178.

 See Stark. Ev. (5th Amer. ed.) 55.